UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AL OTRO LADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-1280 (CKK) |
| U.S. CUSTOMS AND BORDER PROTECTION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER

Defendant U.S. Customs and Border Protection ("Defendant"), by and through its undersigned counsel, respectfully submits this Answer to the Complaint for Declaratory and Injunctive Relief ("Complaint") filed by Plaintiff Al Otro Lado ("Plaintiff").

To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; and (c) are admissible in this, or any other, action. Defendants deny each and every allegation contained in the Complaint except as expressly admitted or qualified in this Answer.

1.     Paragraph 1 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring this action under the Freedom of Information Act ("FOIA").

2.     Paragraph 2 contains Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA

action to which a response would be required. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3.      Paragraph 3 contains Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

4.      Paragraph 4 contains Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

5.      Paragraph 5 contains Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

6.      Defendant admits that it received Plaintiff's FOIA request submitted on or about September 24, 2021. The remaining allegations in Paragraph 6 characterize Plaintiff's FOIA request, which speaks for itself. To the extent a further response is required, Defendant respectfully refers the Court to Plaintiff's September 24, 2021, FOIA request for a complete and accurate statement of its contents and denies any allegations in Paragraph 6 inconsistent therewith.

7.      Paragraph 7 contains Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required. To the extent a response is required, Defendant denies the allegations in Paragraph 7.

8.      Defendant admits that it received Plaintiff's FOIA request submitted on or about November 9, 2021. The remaining allegations in Paragraph 8 characterize Plaintiff's FOIA request, which speaks for itself. To the extent a further response is required, Defendant respectfully refers the Court to Plaintiff's November 9, 2021 FOIA request for a complete and accurate statement of its contents and denies any allegations in Paragraph 8 inconsistent therewith.

9.      Defendant admits that it has not issued any determinations to date. The remaining allegations in Paragraph 9 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9.

## PARTIES[1]

10.      Paragraph 10 consists of Plaintiff's characterization of itself, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11.      Defendant admits that it is a component of the Department of Homeland Security and that it is an agency within the meaning of 5 U.S.C. § 552(f)(1). The remaining allegations consist of legal conclusions, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11.

## JURISDICTION AND VENUE

12.      Paragraph 12 consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction subject to the terms and limitations of FOIA.

---

[1]      Defendant has included the headings from the Complaint for the sole purpose of assisting in the reading of this Answer and do not admit the accuracy of those headings.

13.     Paragraph 13 consists of legal conclusions regarding venue, to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district.

14.     Paragraph 14 consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 14.

## STATUTORY FRAMEWORK

15.     Paragraph 15 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(6)(A)(i) for a complete and accurate statement of its contents and denies any allegations in Paragraph 15 inconsistent therewith.

16.     Paragraph 16 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the decisions cited in Paragraph 16 for a complete and accurate statement of their contents and denies any allegations in Paragraph 16 inconsistent therewith.

17.     Paragraph 17 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. §§ 552(a)(3)(A), (a)(3)(C), and (b)(1)-(9) for a complete and accurate statement of their contents and denies any allegations in Paragraph 17 inconsistent therewith.

## STATEMENT OF FACTS

18.     Defendant admits that it received Plaintiff's FOIA request on or about September 24, 2021. The remaining allegations in this paragraph characterize Plaintiff's FOIA request, which speaks for itself. To the extent a response is required, Defendant respectfully refers the Court to

Plaintiff's September 24, 2021, FOIA request for a complete and accurate statement of its contents and denies any allegations in Paragraph 18 inconsistent therewith.

19.     Defendant admits the allegations in Paragraph 19.

20.     Defendant admits only that it received Plaintiff's FOIA request on or about November 9, 2021. The remaining allegations in Paragraph 20 characterize Plaintiff's November 9, 2021, FOIA request, which speaks for itself. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's November 9, 2021, FOIA request for a complete and accurate statement of its contents and denies any allegations in Paragraph 20 inconsistent therewith.

21.     Defendant admits the allegations in Paragraph 21.

22.     Defendant admits that it has not issued not issued any determinations to date.

## COUNT ONE

### Violation of FOIA, 5 U.S.C. § 552
### for Failure to Issue Timely Determinations

23.     Defendant incorporates by reference its responses to paragraphs 1-22 above.

24.     Paragraph 24 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 24.

25.     Paragraph 25 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(3)(C) for a complete and accurate statement of its contents and denies any allegations in Paragraph 25 inconsistent therewith.

26.     Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26.

27.     Defendant admits the allegation in Paragraph 27.

28.     Paragraph 28 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cases cited in Paragraph 28 for a complete and accurate statement of their contents and denies any allegations in Paragraph 28 inconsistent therewith.

## COUNT TWO

### Violation of FOIA, 5 U.S.C. § 552
### for Failure to Conduct an Adequate Search for Responsive Records

29.     Defendant incorporates by reference its responses to paragraphs 1-28 above.

30.     Paragraph 30 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30.

31.     Paragraph 31 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(3)(C) for a complete and accurate statement of its contents and denies any allegations in Paragraph 31 inconsistent therewith.

32.     Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 32.

## COUNT THREE

### Violation of FOIA, 5 U.S.C. § 552
### for Improper Withholding of Non-Exempt Responsive Records

33.     Defendant incorporates by reference its responses to paragraphs 1-32 above.

34.     Paragraph 34 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a believe about the truth of the allegations in Paragraph 34.

35.     Paragraph 35 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. §§ 552(a)(3)(C) and (a)(8)(A) for a complete and accurate statement of their contents and denies any allegations in Paragraph 35 inconsistent therewith.

36.     Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36.

## PRAYER FOR RELIEF

Paragraphs A. through F. under the Prayer for Relief section of Plaintiff's Complaint contain Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by FOIA.

## SECOND DEFENSE

Plaintiff cannot compel the production of records exempt from release under one or more exemptions under the FOIA.

- 7 -

Dated: July 25, 2022
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____/s/_____
    MICHAEL A. TILGHMAN II
    D.C. Bar #988441
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-7113

*Attorneys for the United States of America*