UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AL OTRO LADO,<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>        Defendant. | Civil Action No. 22-1280 (CKK) |

**CORRECTED JOINT STATUS REPORT**

       The parties, by and through their respective undersigned counsel, respectfully submit this Joint Status Report to apprise the Court of the status of this Freedom of Information Act ("FOIA") case with each side's position as follows:

**CBP'S POSITION:**

       1.     At issue in this case are two separate FOIA requests submitted by Al Otro Lado ("Plaintiff"), CBP-2021-109650 and CBP-2022-013430, to U.S. Customs and Border Protection ("CBP"). Plaintiff's request assigned internal tracking number CBP 2021-109650 seeks certain records regarding biometric data collection and data sharing programs. Plaintiff's request assigned internal tracking number CBP-2022-013430 seeks certain records regarding the use of humanitarian parole by CBP.

       2.     CBP's searches for records potentially responsive to Plaintiff's requests are ongoing due to the complexity of each request and CBP has needed to discuss the scope of the request with Plaintiff. Therefore, CBP is presently unable to state the estimated anticipated number of potentially responsive documents to Plaintiff's FOIA requests. CBP also continues to

post potentially responsive non-exempt records to CBP's publicly available Reading Room and has notified Plaintiff of the potentially relevant links.

3.  CBP reports that for the humanitarian parole request (CBP-2022-013430), the search has been completed and CBP is processing records. On May 30, 2023, CBP provided proposed scoping language to Plaintiff to review. Plaintiff responded to CBP's scoping review the same day. On July 27, 2023, CBP requested additional scoping of Plaintiff's request. Al Otro Lado answered the request the following day. On August 16, 2023, CBP requested further clarification of Al Otro Lado's answers to its scoping requests. Al Otro Lado responded by clarifying its answer on August 21, 2023, and parties agreed on the final scope of CBP-2022-013430. On August 23, 2023, CBP sent the revised scoped search to all offices to conduct a search. On September 6, 2023, CBP released its first interim response for CBP-2022-013430, which provided that CBP processed 9 pages of documents, and determined that 4 pages may be released in full or in part. CBP, and that 5 pages were sent to other government agencies for consultation. On December 14, 2023, CBP released its second interim response for CBP-2022-013430, which provided that CBP processed 575 pages of documents and 8 spreadsheets that were potentially responsive to Plaintiff's request, and that these were determined to be nonresponsive.

4.  CBP reports that for the biometric data collection and data sharing programs request (CBP-2021-109650), the search is ongoing. On September 15, 2023, CBP proposed scoping language to narrow the request to items that would provide for effective and efficient processing. CBP's scoping request reflected that many of the items in Plaintiff's request sought records related to programs or policies maintained by other agencies, and that a search of CBP records is unlikely to reveal responsive records, and if records are responsive, they likely are other agency records which would require referral to those agencies for processing. On September 19, 2023, Plaintiff

replied that the requests indicate CBP has not engaged in its searches for the FOIA requests and asked CBP to confirm. CBP received Plaintiff's question on September 26, and responded that CBP has not begun processing the search, but that CBP has had similar biometric-related FOIAs that may have responsive records and has posted these on its publicly accessible reading room. CBP further responded that due to the complexity of the request, CBP consulted with multiple subject matter experts to prepare the scoping recommendation. Plaintiff received this on September 29, and on October 2, responded that it was not inclined to agree with any of the scoping requests at this time, but that it would be able to revisit CBP's scoping recommendations once CBP has performed its searches. On November 2, CBP began the search for the unscoped request. CBP is in the process of completing the search and uploading for review and processing. As anticipated, the search thus far has returned a large number of records, likely to be unresponsive to this request. CBP maintains that the request is overly broad and seeks records regarding programs and policies maintained by other agencies, not CBP. CBP anticipates further discussions will be needed to scope the request to ensure effective and efficient processing.

5. CBP continues to process requests CBP-2021-109650 and CBP-2022-013430. Since the last JSR, CBP's efforts have been focused on conducting an adequate search for both of these requests. Simultaneously, CBP has also been processing records. CBP anticipates processing records and issuing an interim response to Plaintiffs each month beginning in January. CBP submits that a status conference is not appropriate at this time. CBP is actively working in good faith to conduct the search and process records and has collaborated with Plaintiff on both FOIA requests. Since the last Joint Status Report, CBP completed the search for CBP-2022-013430, including an electronic search for communications. CBP also processed 584 pages and 8 spreadsheets and issued two interim responses for CBP-2022-013430. Further, following

Plaintiff's rejection of CBP's scoping proposal for CBP-2021-109650, CBP sent the unscoped request (consisting of 21 items) to multiple offices and conducted electronic searches for communications, including multiple requests for communications regarding policies and programs maintained by other agencies. CBP anticipates further discussions will be needed to scope the request following completion of the search.

**PLAINTIFF'S POSITION:**

6. With respect to Defendant's September 15 scoping recommendations, Plaintiff clarifies that it informed Defendant of its position that Defendant should perform its search for documents before engaging in scoping requests. Plaintiff indicated that it would gladly discuss scoping after Defendant performed its searches. Plaintiff also submits that Defendant released four pages of responsive records in its September interim release and no records in its December release. Defendant has not fully gathered and reviewed all potentially responsive documents or communicated the scope of documents it intends to produce and withhold.

7. As such, CBP has yet to issue determinations as to requests CBP-2021-109650 and CBP-2022-013430, twenty-six and twenty-four months after receipt respectively. Agencies must typically make determinations on FOIA requests within, at most, thirty business days. 5 U.S.C. §§ 552(a)(6)(A), (B). To properly discharge its duty to issue FOIA determinations, an agency must "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013). Agencies must provide a more substantive response than a "general promise to produce non-exempt documents and claim exemptions in the future." *Id*. at 187. Agencies must also make

records promptly available upon request. 5 U.S.C. § 552(a)(3)(A). The Court has jurisdiction to extend FOIA's statutory determination deadline only if "the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request." 5 U.S.C. § 552(a)(6)(C)(i). Because CBP has not attempted to make any such showing, Congress has not afforded this Court with the authority to allow CBP additional time to complete its review of records. Two years after Plaintiff filed its requests, CBP has not completed its searches required by FOIA and has released only four pages of responsive records.   As such, Plaintiff respectfully requests that this Court schedule a status conference at which CBP must show cause as to why it has failed to issue final determinations for Al Otro Lado's requests and to make the requested records promptly available.

**JOINT**

8. The Parties do not believe that a motion for an *Open America* stay is likely at this time. Pursuant to the Court's February 27, 2023 Minute Order, the parties shall file another joint status report by February 15, 2024, updating the Court on the status of CBP's search and processing of records in this case.

Dated: December 18, 2023
Washington, D.C.

Respectfully submitted,

/s/ Sejal Zota
SEJAL ZOTA
D.C. Bar #NC020
95 Washington Street, Suite 104-149
Canton, MA 02021
Telephone: (919) 698-5015

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

JEREMY JONG
AL OTRO LADO
3527 Banks St.
New Orleans, LA 70110
Telephone: (504) 475-6728
Facsimile: (323) 430-8793
jeremy@altrolado.org

By:   /s/ Patricia K. McBride
       PATRICIA K. MCBRIDE
       Assistant United States Attorney
       U.S. Attorney's Office, Civil Division
       601 D Street NW
       Washington, DC 20530
       (202) 252-7123
       patricia.mcbride@usdoj.gov

*Attorney for Plaintiff*

*Attorneys for the United States of America*