UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AL OTRO LADO,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>    Defendant. | Civil Action No. 22-1280 (CKK) |

**JOINT STATUS REPORT**

The parties, by and through their respective undersigned counsel, respectfully submit this Joint Status Report to apprise the Court of the status of this Freedom of Information Act ("FOIA") case:

1. At issue in this case are two separate FOIA requests submitted by Al Otro Lado ("Plaintiff"), CBP-2021-109650 and CBP-2022-013430, to U.S. Customs and Border Protection ("CBP"). Plaintiff's request assigned internal tracking number CBP 2021-109650 seeks certain records regarding biometric data collection and data sharing programs. Plaintiff's request assigned internal tracking number CBP-2022-013430 seeks certain records regarding the use of humanitarian parole by CBP.

2. CBP reports that for the humanitarian parole request (CBP-2022-013430), CBP has completed processing records and has issued its final production. On September 6, 2023, CBP released its first interim response for CBP-2022-013430, which provided that CBP processed 9 pages of documents, and determined that 4 pages may be released in full or in part, and that 5 pages were sent to other government agencies for consultation. On December 14, 2023, CBP released its second interim response for CBP-2022-013430, which provided that CBP

processed 575 pages of documents and 8 spreadsheets that were potentially responsive to Plaintiff's request, and that these were determined to be nonresponsive. On January 19, 2024, CBP released its third interim response, which provided that CBP processed 58 pages of documents, and determined that 54 pages may be released in full or in part, and that 4 pages were duplicates. CBP also noted that there are other publicly available records potentially responsive to the request located on the CBP FOIA Reading Room. On February 12, 2024, CBP released its fourth and final response consisting of 42 pages, which included 37 pages processed, and 5 pages previously sent for consultation, noted in the first interim response. CBP indicated in its fourth interim response that this was the final response to this request.

3. As background, on September 15, 2023, CBP proposed scoping language to narrow the request to items that would provide for effective and efficient processing. On September 19, 2023, Plaintiff asked whether CBP had yet performed any searches responsive to the request. CBP received Plaintiff's question on September 26, and responded in the negative, which Plaintiff received on September 29. On October 2, Plaintiff responded that it was not inclined to agree with any of the scoping requests, but that it would revisit CBP's scoping recommendations once CBP has performed its searches. On November 2, CBP began the search for the un-scoped request. As anticipated, the search returned a large number of records, likely to be unresponsive to this request. CBP has now completed the search and is reviewing and processing documents. CBP maintains that the request is incredibly broad and seeks records regarding programs and policies maintained by other agencies.

5. Al Otro Lado agreed to CBP's second scoping recommendation in part on March 27, 2024 and to review future CBP scoping requests once CBP produces samples of the

documents it seeks to exclude from its response. CBP provided Al Otro Lado with those samples on April 20, 2024. Al Otro Lado agreed CBP's scoping recommendation in full May 16, 2024.

5.   Al Otro Lado submits that despite its acquiesce to all of CBP's scoping recommendations as to the biometric data collection and data sharing programs request, CBP has not fully gathered and reviewed all potentially responsive documents or communicated the scope of documents it intends to produce and withhold. Though CBP states in paragraph six of this status report that it has completed its search, it has not communicated the full scope of records responsive to that search. Nor has CBP communicated which documents it intends to produce and which documents it intends to withhold.  CBP has not communicated to Al Otro Lado any of the exceptions that it will assert to withhold records. CBP therefore has failed to issue a timely determination as required by 5 U.S.C. § 552(a)(6)(A).

6.   CBP submits that it is actively working in good faith to process records and has attempted to collaborate with Plaintiff on both FOIA requests.  Following Plaintiff's initial rejection of CBP's scoping proposal for CBP-2021-109650, CBP completed the search of the un-scoped request (consisting of 21 components), which involved a search of records from multiple offices and electronic searches for communications, including multiple requests for communications regarding policies and programs maintained by other agencies.  As indicated in the Declaration of Patrick Howard submitted with Defendant's Opposition to Plaintiff's Motion for Judgment on the Pleadings, the search yielded over 146,900 pages and 210 spreadsheets (which tend to be lengthy).  *See* Declaration of Patrick Howard ¶ 36.  Since the last Joint Status Report, Plaintiff has agreed to certain scoping recommendations and CBP has issued its second interim response on April 18, 2024, its third interim response on May 20, 2024, its fourth interim response on June 18, 2024, and expects to make its fifth interim response this month of July.

7.  On December 26, 2023, Al Otro Lado filed a motion for partial judgment on the pleadings, requesting that the Court find that CBP has failed to issue timely determinations as required by FOIA and supervise CBP's ongoing search and production efforts. ECF No. 22. As of January 26, 2024, **the motion is fully briefed and awaiting the Court's ruling.** ECF No. 25. (Plaintiff's emphasis added).

8.  The Parties do not believe that a motion for an *Open America* stay is likely at this time and shall file another joint status report by October 14, 2024, updating the Court on the status of CBP's search and processing of records in this case.

Dated: July 17, 2024
Washington, D.C.

| | |
|---|---|
| /s/ Sejal Zota<br>SEJAL ZOTA<br>D.C. Bar #NC020<br>95 Washington Street, Suite 104-149<br>Canton, MA 02021<br>Telephone: (919) 698-5015<br><br>JEREMY JONG<br>AL OTRO LADO<br>3527 Banks St.<br>New Orleans, LA 70110<br>Telephone: (504) 475-6728<br>Facsimile: (323) 430-8793<br>jeremy@altotrolado.org<br><br>*Attorney for Plaintiff* | Respectfully submitted,<br>MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br>By:   /s/ Patricia K. McBride<br>        PATRICIA K. MCBRIDE<br>        Assistant United States Attorney<br>        U.S. Attorney's Office, Civil Division<br>        601 D Street NW<br>        Washington, DC 20530<br>        (202) 252-7123<br>        patricia.mcbride@usdoj.gov<br><br>*Attorneys for the United States of America* |