**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

AL OTRO LADO, INC.,

     Plaintiff,

     v.

U.S. CUSTOMS AND BORDER PROTECTION,

     Defendant.

Civil Action No. 22-1280 (CKK)

---

**MEMORANDUM OPINION & ORDER**
(July 17, 2024)

This lawsuit arises from two Freedom of Information Act ("FOIA") requests made by Plaintiff Al Otro Lado ("AOL" or "Plaintiff") to Defendant U.S. Customs and Border Protection ("CBP" or "Defendant"). Plaintiff sought records related to, among other things, DHS data collection and data sharing programs, and CBP's humanitarian parole requests. *See generally* Compl. Pending before the Court is Plaintiff's [22-1] Motion for Partial Judgment on the Pleadings ("Motion" or "Mot."). Plaintiff moves for partial judgment on the pleadings as to Count One (Failure to Issue Timely Determinations) of the Complaint, and requests that the Court order CBP to issue its determinations on Plaintiff's FOIA requests and produce 1,000 pages of responsive records per month. Mot. at 6; *see* Compl. ¶¶ 23–28. Defendant opposes Plaintiff's Motion, maintaining that it cannot commit to "producing" a certain number of records per month given the complexity of Plaintiff's FOIA requests. *See* Def.'s Opp'n, ECF No. 23, at 3. Upon review of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court shall

---

[1] The Court's consideration has focused on the following documents:

- Plaintiff's Complaint ("Compl."), ECF No. 1;
- Defendant's Answer ("Ans."), ECF No. 10;
- Plaintiff's Motion for Partial Judgment on the Pleadings ("Mot."), ECF No. 22-1;
- Defendant's Opposition to Plaintiff's Motion for Summary Judgment on the Pleadings ("Def.'s Opp'n"),

**GRANT IN PART AND DENY IN PART** Plaintiff's [22-1] Motion for Partial Judgment on the Pleadings.

## I.   BACKGROUND

On September 24, 2021, Plaintiff submitted a FOIA request to CBP ("September 2021 Request"), seeking, among other things, records related to DHS data collection and data sharing programs, including DHS' Biometric Identification Transnational Migration Alert Program. Compl. ¶ 18.   On November 9, 2021, Plaintiff submitted a second FOIA request to CBP ("November 2021 Request"), seeking, among other things, records related to "the processing of requests for humanitarian parole at US ports-of-entry." *Id.* ¶ 20.   Plaintiff's September 2021 Request contained twenty-one (21) parts, *id.* ¶ 18, and its November 2021 Request contained seven (7) parts, *id.* ¶ 20.

On May 11, 2022, Plaintiff initiated this lawsuit against Defendant CBP. *See generally id.* Apart from assigning FOIA tracking numbers to each FOIA request, CBP had not issued any determinations or produced any records by May 2022. *Id.* ¶¶ 19, 21, 22; *see* Ans. ¶ 22 ("Defendant admits that it has not issued [] any determinations to date.").   On July 25, 2022, Defendant filed an answer to the complaint. *See generally* Ans.   That same day, the Court ordered the parties to meet and confer and file a joint status report, proposing a schedule for proceeding in the case. *See* Order, ECF No. 11.   Since August 2022, the parties have filed joint status reports approximately every three months, updating the Court as to the status of CBP's search, processing, and production of records. *See, e.g.*, ECF No. 12; ECF No. 14; ECF No. 15.   Plaintiff filed the pending Motion on December 26, 2023. *See* Mot.   At that time, the parties' latest joint status report indicated that CBP's search for potentially responsive records for the September 2021 Request were "ongoing"

---

ECF No. 23; and
- Plaintiff's Reply in Support of Motion for Partial Judgment on the Pleadings ("Reply"), ECF No. 25.

and CBP was unable to "state the estimated anticipated number of potentially responsive documents to Plaintiff's FOIA requests."  JSR, ECF No. 22, ¶¶ 2, 4.  As for the November 2021 Request, CBP reported that its search was complete and it was presently processing records.  *Id.* ¶ 3.  The parties' latest joint status report, filed July 17, 2024, reveals that CBP has completed processing records and issued its final production of records to AOL for its November 2021 Request.  *See* JSR, ECF No. 28, ¶ 2.  As for the September 2021 Request, CBP reported that it has completed the search for records  and is currently processing the records.  *Id.* ¶ 6.

With the Motion fully briefed, the Court turns to its resolution.

## II.    LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion brought under Federal Rule of Civil Procedure ("Rule") 12(c) requires the Court to render "a judgment on the merits . . . by looking at the substance of the pleadings and any judicially noted facts."  *All. of Artists & Recording Cos., Inc. v. Gen. Motors Co.*, 162 F. Supp. 3d 8, 16 (D.D.C. 2016) (KBJ).  In other words, the movant must "demonstrate that the law entitles him to win given the undisputed facts that have been alleged in both parties' pleadings."  *Murphy v. Dep't of Air Force*, 326 F.R.D. 47, 48 (D.D.C. 2018) (KBJ).  However, under Rule 12(d), "[i]f, on a motion under Rule [] 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one of summary judgment under Rule 56."  Fed. R. Civ. P. 12(d); *see also Lopez v. Nat'l Archives & Record Admin.*, 301 F. Supp. 3d 78, 85 (D.D.C. 2018) (ABJ).  Here, both parties rely on evidence outside the pleadings to support their respective positions.  *See* Howard Decl., ECF No. 24; Reply, Ex. 1, ECF No. 25-1; *id.*, Ex. 2, ECF No. 25-2.  Accordingly, the Court shall exercise its discretion and evaluate Plaintiff's Motion as a motion for summary judgment.  *See*

3

*Lopez*, 301 F. Supp. 3d at 85; *see also* Reply at 3 ("[T]he Court may treat the instant motion as a motion for summary judgment.").

### A.  Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A "material" fact is one capable of affecting the substantive outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the nonmovant.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The movant bears the initial burden of identifying portions of the record that demonstrate the absence of any genuine issue of material fact.  Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  The nonmovant must then point to specific facts in the record that reveal a genuine issue that is suitable for trial.  *Celotex*, 477 U.S. at 324.  In considering a motion for summary judgment, the Court must avoid "making credibility determinations," *Czekalski v. Peter*, 475 F.3d 360, 363 (D.C. Cir. 2007), and must analyze all underlying facts and inferences in the light most favorable to the nonmovant, *Anderson*, 477 U.S. at 255.  However, conclusory assertions offered without any factual basis in the record cannot create a genuine dispute.  *See Ass'n of Flight Attendants-CWA v. U.S. Dep't of Transp.*, 564 F.3d 462, 465–66 (D.C. Cir. 2009).

### III.    DISCUSSION

In its Motion, Plaintiff argues that partial judgment as to Count One is warranted because Defendant failed to issue timely determinations in response to Plaintiff's FOIA requests.  Mot. at 1.  Plaintiff also requests that the Court order Defendant to "issue its determinations immediately and release nonexempt records responsive" to Plaintiff's FOIA requests by a specified date.  *Id.*

4

The Court addresses Plaintiff's contentions below.

### A. Untimely Determinations

As made clear in the briefing, Plaintiff's contentions stem from CBP's delay in issuing responses to Plaintiff's two FOIA requests. *See* Mot. at 1 ("CBP has violated the [FOIA] by not issuing determinations within the time required by [the statute]."); *id.* at 3 ("Defendant has fallen woefully short of its obligation to issue determinations within thirty business days."). According to Plaintiff, CBP's failure to issue a timely determination permits the Court to "enjoin Defendant from continuing to violate FOIA, set a production schedule, and supervise CBP's production to ensure it processes the request as quickly as possible." *Id.* at 6.

Under FOIA, an agency must make and communicate its "determination" whether to comply with a FOIA request (and communicate the "reasons therefor") within twenty business days of receiving the FOIA request, or within thirty business days in "unusual circumstances." 5 U.S.C. §§ 552(a)(6)(A)(i), (a)(6)(B)(i). The Court agrees with Plaintiff that CBP did not issue a timely determination in this case with respect to either of Plaintiff's FOIA requests. Nor does CBP contest this. *See* Ans. ¶ 22 ("Defendant admits that it has not issued [] any determinations to date.").

Nonetheless, CBP's untimely responses to Plaintiff's FOIA requests do not, on their own, entitle Plaintiff to judgment in its favor. *See Richardson v. Dep't of Just.*, 730 F. Supp. 2d 225, 231–32 (D.D.C. 2010) (ESH) ("The timing of an agency's release of records responsive to a FOIA request does not determine whether the agency has complied with its obligations under the FOIA."); *Jacobs v. Fed. Bureau of Prisons*, 725 F. Supp. 2d 85, 89 (D.D.C. 2010) (EGS) ("The BOP's untimely response does not entitle plaintiff to judgment in his favor."); *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 68 (D.D.C. 2003) (RCL) ("[A] lack of timeliness or

compliance with FOIA deadlines does not preclude summary judgment for an agency, nor mandate summary judgment for the requester."); *Hainey v. U.S. Dep't of Interior*, 925 F. Supp. 2d 34, 42 (D.D.C. 2013) (RLW) ("Thus, given that the Department *has now* responded to Hainey's request—a fact she does not dispute—the only issue for the Court to consider at this point is whether the Department's response complies with its obligations under FOIA.").

FOIA authorizes the Court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Once the Court determines that the agency has, "however belatedly, released all nonexempt material, [it has] no further judicial function to perform under the FOIA." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982). At this time, it has not been determined whether CBP has improperly withheld records from Plaintiff. CBP continues to process and produce responsive records to Plaintiff. *See* JSR, ECF No. 27, ¶ 3 ("CBP has now completed the search [for the biometric data collection and data sharing programs request] and is processing such records."); JSR, ECF No. 28, ¶ 6 (CBP "expects to make its fifth interim response this month of July"). Ultimately, if CBP establishes that it has fully complied with its obligations under FOIA, "the timeliness of its response is not dispositive." *Jacobs*, 725 F. Supp. 2d at 89; *see also Atkins v. Dep't of Just.*, 946 F.2d 1563 (Table), at *1 (D.C. Cir. 1991) ("The question whether DEA complied with [FOIA's] time limitations in responding to Aaron Atkins' request is now moot because DEA has now responded to this request."). Accordingly, Plaintiff is not entitled to judgment as a matter of law based solely on Defendant's untimely responses.

**B. Production of Records**

Plaintiff also requests that the Court order Defendant to complete its search and set a production schedule in which the agency shall produce responsive records to Plaintiff. Mot. at 6;

Reply at 19.  Specifically, Plaintiff requests that the agency produce 1,000 pages of records per month, along with indices "justifying the withholding of responsive records."  Mot. at 6.

Considering the delay in Defendant's responses, the Court shall set a processing schedule to which Defendant shall adhere.  *See Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (TFH) (court "may use its equitable powers to require the agency to process documents according to a court-imposed deadline").  However, the Court declines to adopt Plaintiff's proposed production rate of 1,000 pages per month.  *See* Mot. at 6.  Plaintiff does not explain why such an accelerated production rate is necessary.  Furthermore, CBP explains that even processing 500 pages per month would cause an "immense" "strain," as the FOIA Division would "have to pull a large number of its staff members off of their current projects, which include processing and review of other litigations and administrative requests, as well as requests filed or orders issued prior to Plaintiff's [FOIA] requests."  Howard Decl. ¶ 44.  According to CBP, this reallocation would "result in other FOIA requesters not receiving material related to their FOIA requests and potentially other litigation deadlines being missed."  *Id.*  As such, the Court declines to adopt Plaintiff's proposed production rate.  Instead, the Court will order Defendant to adhere to a processing schedule, as discussed below.

As for Plaintiff's request for indices, Mot. at 6, the Court concludes that this request is premature.  "When a federal district court reviews agency decisions to withhold information requested through FOIA, a court can request that an agency produce a detailed 'index' of the information withheld."[2]  *Pinson v. U.S. Dep't of Just.*, 975 F. Supp. 2d 20, 32 (D.D.C. 2013) (RC).  "A requester can move a federal district court for a *Vaughn* index to compel the withholding

_____

[2] A *Vaughn* Index "consists of a detailed affidavit, the purpose of which is to permit the court system effectively and efficiently to evaluate the factual nature of disputed information" in a FOIA case.  *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 149 n.2 (1989) (quotation cleaned up).

agency to detail the redacted documents and to justify the elements in the record that have been exempted from disclosure." *Id.* But a *Vaughn* Index is not typically required until the parties are prepared to proceed with dispositive briefing, such as motions for summary judgment. *Pinson*, 975 F. Supp. 2d at 32. Because this case is not in such a posture (the parties are still processing and reviewing the responsive records), Plaintiff's request is premature. Accordingly, the Court will deny Plaintiff's request for a *Vaughn* Index.

## IV.   CONCLUSION & ORDER

For the foregoing reasons, the Court shall **GRANT IN PART AND DENY IN PART** Plaintiff's [22-1] Motion for Partial Judgment on the Pleadings. Plaintiff is not entitled to judgment as a matter of law with respect to Count One simply because Defendant issued untimely determinations as to Plaintiff's FOIA requests. But the Court shall order Defendant to process Plaintiff's FOIA requests and release the documents on a rolling basis. In recognition of the backlog of pending FOIA requests facing CBP, the Court shall not order Defendant to produce responsive documents forthwith. Instead, the Court orders Defendant to file a status report on or before **August 20, 2024**, advising the Court as to the volume of the requested records at that time, where Plaintiff's FOIA requests currently stand in the processing queue, and how long CBP expects it will take to process Plaintiff's FOIA requests.[3] The Court will then set an appropriate processing schedule.

**SO ORDERED.**

**Date:** July 17, 2024                    _____/s/_____
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge

---

[3] The Court notes that a processing rate of 500 pages per month is often adopted by courts in this jurisdiction. *See, e.g.*, *Negley v. U.S. Dep't of Just.*, 305 F. Supp. 3d 36, 47 (D.D.C. 2018 ) (JEB); *Martinez v. Dep't of Just.*, No. 16-1506, 2023 WL 9781681, at *2 (D.D.C. Sept. 27, 2023) (TJK).