UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AL OTRO LADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-1280 (CKK) |
| ) | |
| U.S. CUSTOMS AND BORDER PROTECTION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S STATUS REPORT**

Pursuant to the Court's August 23, 2024 Minute Order, Plaintiff, Al Otro Lado submit this Status Report to apprise the Court of its position on regarding Defendant's proposed processing schedule:

1. On May 11, 2022, Al Otro Lado filed the complaint in this case, alleging that Defendant U.S. Customs and Border Protection ("CBP") failed to issue timely determinations and unlawfully withheld records with respect to two separate FOIA requests submitted by Al Otro Lado.

2. On December 26, 2023, Al Otro Lado filed a Motion of Partial for Judgment on the Pleadings requesting that the Court find that CBP failed to issue timely determinations responsive to Al Otro Lado's requests as required by FOIA. ECF No. 22.

3. On July 17, 2024, the Court granted Al Otro Lado's Motion for Judgment on the Pleadings in part and ordered CBP to "process Plaintiff's FOIA requests and release the documents on a rolling basis" and "file a status report on or before August 20, 2024, advising the Court as to the volume of the requested records at that time, where Plaintiff's FOIA requests

currently stand in the processing queue, and how long CBP expects it will take to process Plaintiff's FOIA requests." ECF No. 29 at 8.

4. On August 21, 2024, CBP filed its status report, estimating "that it will take approximately three years before it finishes processing the biometrics request. This estimate is based on an approximate 40,000 pages per year processing rate for the assigned FOIA Government Information Specialist ("GIS") across all the processor's assigned litigations." ECF No. 30 ¶ 16. CBP, however, also claimed that "number of pages processed in a particular month typically varies depending on the size of the documents and spreadsheets." *Id*.

5. On August 23, 2024, the Court issued a minute order finding that "Defendant appears to propose a processing rate of approximately 3,300 pages per month, although the actual number of pages processed per month may vary." directing the parties "to file a joint status report on or before October 25, 2024, updating the Court as to the status of the FOIA requests and whether Plaintiff opposes Defendant's proposed processing rate."

6. On October 23, 2024, Plaintiff's counsel emailed Defendant's counsel seeking to discuss the upcoming October 25 joint status report deadline. After receiving no response, Plaintiff's counsel emailed Defendant's counsel again on October 24, 2024. Finally, on October 25, 2024, Defendant's counsel called Plaintiff's counsel. The parties discussed whether they could reach an agreement concerning a processing schedule in this case. When the parties broke off negotiations, Defendant requested that Plaintiff join Defendant's proposal to move to extend the joint status report deadline to October 28, 2024. Plaintiff agreed.

7. Throughout the day on October 28, 2024, the parties exchanged drafts. At 5:41 p.m., Plaintiff exchanged its last draft with Defendant. Defendant then requested that Plaintiff join another motion for extension of time so that Defendant may fully respond to Plaintiff's

position. Plaintiff's counsel responded that Plaintiff would not join such a motion because the Court's minute order required the parties to update the Court concerning "whether Plaintiff opposes Defendant's proposed processing rate" and did not request Defendant's response to Plaintiff's position. Defendant moved to extend time. ECF No. 34. Plaintiff therefore files this status report in lieu of the joint report requested by the Court concerning its position on the Court's proposed processing schedule.

8.   Al Otro Lado requests that the Court set a processing schedule of 3,300 pages a month. However, in the interest of and promptly resolving this case while allowing for monthly fluctuations in CBP's processing capacity, Al Otro Lado alternatively requests that the Court set a 20,000 page semiannual or 40,000 page annual processing schedule.

9.   CBP argues that certain factors will affect its ability to commit to a 3,300 pages per month processing schedule. In particular, CBP explained it may have other FOIA litigation demands, deadlines, and "other non-FOIA related duties" in a certain month that would prevent it from reaching its 3,300 page target. ECF No. 30 ¶ 16. CBP does not, however, explain why it would not be able to prioritize Al Otro Lado's requests given the Court's order to produce records on a rolling basis. Nor does it explain why month to month fluctuations would prevent it from meeting the 40,000 page per year estimate proffered in its August 21, 2024 status report.

10.  Al Otro Lado's proposed processing rate would not place undue burden on CBP. CBP estimated that it could process 40,000 pages a year. On that basis, the Court proposed an approximate 3,300 page per month processing rate. However, without a set amount of pages per month that the Defendant must produce, CBP could process Al Otro Lado's request at its own leisure, without any guarantees of how many pages will be processed, monthly, annually, or ever.

11. CBP has also processed FOIA productions at far faster rates. See *Moore v. U.S. Immigr. & Customs Enf't*, 513 F. Supp. 3d 742, 749 (W.D. Tex. 2021) (Finding that CBP "reviewed about 33,734 of potentially responsive pages" in two months). Other agencies have agreed to process at rates similar to the ones the 3,300 page monthly rate here. *See e.g. Open Society Justice Initiative v. Central Intelligence Agency*, 399 F. Supp. 3d 161, 162 (S.D.N.Y. 2019) (3,000 pages). Courts have also ordered CBP to process at rates far in excess of 750 pages per month. *Moore,* 513 F. Supp. 3d at 750; *Moore v. United States Immigration & Customs Enf't*, No. EP-19-CV-00279-DCG, 2021 U.S. Dist. LEXIS 21878, at *8 (W.D. Tex. Feb. 5, 2021) (Ordering CBP to complete processing of approximately 63,000 pages within five months); *L.A. Times Commc'ns LLC v. United States Dep't of Homeland Sec.*, No. 2:20-cv-10911-FLA (MRWx), 2022 U.S. Dist. LEXIS 239554, at *9 (C.D. Cal. Mar. 7, 2022) (Ordering CBP's parent agency, the Department of Homeland Security, to process 3,000 pages per month). As such, setting a 3,300 page per month processing rate is reasonable here, especially given the three years that Al Otro Lado has waited for CBP to produce the responsive records at issue.

12. Still, given CBP's assertions regarding monthly fluctuations, Al Otro Lado is willing to agree to a processing schedule that requires CBP to process 20,000 pages semiannually or 40,000 pages annually. This would allow CBP the flexibility to prioritize other litigation as it sees fit while still meeting the 40,000 page per year quota it proffered to the Court.

13. As such, Al Otro Lado requests that the Court set a processing schedule of 3,300 pages per month. In the alternative, Al Otro Lado requests that the Court set a processing schedule that requires CBP to process 20,000 pages semiannually or 40,000 pages annually.

Dated: October 28, 2024

Respectfully submitted,

/s/ Jeremy Jong
JEREMY JONG*
AL OTRO LADO
3527 Banks St.
New Orleans, LA 70110
Telephone: (504) 475-6728
Facsimile: (323) 430-8793
jeremy@altotrolado.org

SEJAL ZOTA
D.C. Bar #NC020
95 Washington Street, Suite 104-149
Canton, MA 02021
Telephone: (919) 698-5015

*Attorneys for Plaintiff*

*\* Admitted Pro Hac Vice*