UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AL OTRO LADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1280 (CKK) |
| | ) | |
| U.S.   CUSTOMS   AND   BORDER PROTECTION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S  MOTION FOR AN EXTENSION OF TIME
TO FILE STATUS REPORT**

On November 1, 2024, Defendant filed a Motion for Extension of Time to File Status Report. Plaintiff opposes this motion.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On July 17, 2024, the Court ordered CBP to "file a status report on or before August 20, 2024, advising the Court as to the volume of the requested records at that time, where Plaintiff's FOIA requests currently stand in the processing queue, and how long CBP expects it will take to process Plaintiff's FOIA requests." ECF No. 29 at 8. On August 21, 2024, CBP moved the Court for leave to file its status report late. ECF No. 30 at 1. The Court granted leave and Defendant estimated in its report "that it will take approximately three years before it finishes processing the biometrics request. This estimate is based on an approximate 40,000 pages per year processing rate for the assigned FOIA Government Information Specialist ("GIS") across all the processor's assigned litigations." *Id.* ¶ 16.

1

On August 23, 2024, the Court issued a minute order finding that "Defendant appears to propose a processing rate of approximately 3,300 pages per month, although the actual number of pages processed per month may vary" and directing the parties "to file a joint status report on or before October 25, 2024, updating the Court as to the status of the FOIA requests and whether Plaintiff opposes Defendant's proposed processing rate."

On October 23, 2024, Plaintiff's counsel emailed Defendant's counsel seeking to discuss the upcoming October 25 deadline. After receiving no response, Plaintiff's counsel emailed Defendant's counsel again on October 24, 2024. Finally, on October 25, 2024, the day the status report was due, Defendant's counsel called Plaintiff's counsel. The parties discussed whether they could reach an agreement concerning a processing schedule in this case. At 3:26 p.m., Defendant circulated a draft report including a clause that stated that the parties agreed that CBP would attempt, without guarantee, to process 3,300 pages per month. Plaintiff's counsel immediately told Defendant's counsel that the clause did not reflect Plaintiff's position in earlier discussions and that Plaintiff would state its position regarding the proposed production schedule in the October 25, 2024 joint status report as ordered by the Court. Defendant's counsel informed Plaintiff's counsel that CBP sought to respond to Plaintiff's position and that he required supervisor approval to do so. Defendant's counsel then requested that Plaintiff join Defendant's motion to extend the joint status report deadline to October 28, 2024. Plaintiff agreed and the Court extended the deadline.

Throughout the day on October 28, 2024, the parties exchanged drafts. At 5:41 p.m., Plaintiff exchanged its last draft with Defendant. Defendant then requested that Plaintiff join another motion for extension of time so that Defendant may fully respond to Plaintiff's position. Plaintiff's counsel responded that Plaintiff would not join such a motion because the Court's

minute order required the parties to update the Court concerning "whether Plaintiff opposes Defendant's proposed processing rate" and did not request Defendant's position. Plaintiff filed its *ex parte* status report detailing its position on October 28, 2024. ECF No. 35.

On October 28, 2024, Defendant moved to extend the parties' deadline for filing a joint status report from October 28 until October 31, 2024. *Id*. Plaintiff opposed that motion. ECF No. 36. Defendant's initial motion remains pending. However, Defendant then filed a subsequent motion for extension of time on November 1, 2024 requesting that the Court further extend the deadline to file a status report until November 5. ECF No. 37 at 1. Defendant's did not confer with Plaintiff's counsel before filing the instant motion.

## ARGUMENT

### I.    Defendant Did Not Establish the Truly Exceptional or Compelling Circumstances.

This Court's case procedures warn that "[m]otions for extensions of time… are strongly discouraged; they will be granted only in truly exceptional or compelling circumstances." ECF No. 5 ¶ 7. A movant can not establish exceptional circumstance by merely raising conclusory and unsupported allegations. *See generally Lynch v. Wal-Mart Assocs., Inc.,* No. CV 20-934, 2024 WL 491230, at *6 (D.D.C. Feb. 8, 2024). Defendant has not demonstrated exceptional or compelling circumstances here warranting  an extension of time.

Defendant asserts that it "requires another extension to finalize its position statement." ECF No. 37 at 2. Defendant explains that "[a]fter consultation between the undersigned counsel and agency counsel, new issues have arisen which need to be addressed" and that because "Plaintiff has already unilaterally filed a separate status report, Defendant will include its own position statement in its own separate status report." *Id*. Defendant does not explain what issues have arisen, when they arose, and why Defendant could not have consulted with agency council

3

issues in the two months between the Court's minute order and the October 25 Joint Status Report deadline. Instead, Defendant provides the Court with almost no detail at all.

In addition, Plaintiff's opposition to Defendant's October 28 motion, discussed at length the reasons why Defendant should not be allowed extra time to prepare a position statement that the Court never requested in the first place. ECF No. 36 at 3. To summarize again here, the Court's minute order required the parties "to file a joint status report on or before October 25, 2024, updating the Court as to the status of the FOIA requests and whether **Plaintiff** opposes Defendant's proposed processing rate." (emphasis added). The Court did not request Defendant's position on Plaintiff's opposition to the proposed processing rate. Instead, the Court provided Defendant the opportunity to raise issues concerning its processing capacity in its August 21, 2024 status report. ECF No. 29 at 8. The Defendant did just that. ECF No. 30 ¶¶ 16-18. Defendant does not provide its rationale for believing that it merits extra time to further detail its position in the instant motion. Nor does Defendant explain why it could not comply with the part of the Court's order "updating the Court as to the status of the FOIA requests." As Defendant offers only conclusory and unsupported allegations, it has not met its burden of demonstrating the "truly exceptional or compelling circumstances" necessary for an extension of time.

## II.    Defendant Failed to Follow the Court's Extension of Time Procedural Requirements.

The Court's case procedures require that parties file motions for extension of time "at least four (4) business days prior to the first affected deadline." ECF No. 5 ¶ 7(A). The movant's motion must contain:

> (i) The specific grounds for the extension or the re-scheduling of the hearing;
> (ii) The number of previous extensions or continuances, if any, granted to each party;
> (iii) A statement of the impact that the requested extension or continuance would have on all other previously set deadlines;

(iv) A proposed schedule for any other affected deadlines, to be proposed only after consulting with opposing counsel; and
(v) A statement of whether or not opposing counsel opposes the motion in accordance with Local Civil Rule 7(m).

*Id*. ¶ 7(C). Defendant acknowledges that it is "cognizant of the Court's rule that any extension requests be made no later than four business days before the applicable deadline." ECF No. 37 at 2. Defendant "apologizes for infringing this rule, and will endeavor to not repeat its oversight going forward." *Id*. However, Defendant does not explain why it failed to comply with the rule in its October 25th, October 28th, or November 1 motions. It did not explain why Defendant's counsel did not even answer Plaintiff's requests to confer regarding the parties' October 25 report deadline until the day the report was due. ECF No. 36 at 1. Apologies and promises to do better in the future do not excuse noncompliance with the Court's procedures.

As detailed in section I, *supra*, Defendant motion offers conclusory statements rather than specific grounds for extension. Defendant lists the October 25 and October 28 motions for extensions of time in the instant motion. ECF No. 37 at 1. Defendant does not mention, however, that it sought leave on August 21, 2024 to file its *ex parte* status report that was due the previous day. ECF No. 30. Additionally, Defendant's instant motion contains no statement of the impact that the requested extension would have on previously set deadlines.

Finally, while Defendant states that Plaintiff "opposes the relief sought in this motion," it has not made a proper statement concerning Plaintiff's opposition to the motion in accordance with Local Civil Rule 7(m). The rule mandates that "counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." LCvR 7(m). Defendant never discussed the current motion with Plaintiff. Defendant perhaps believed that it could infer Plaintiff's position given Plaintiff's opposition to Defendant's October 28 motion. However, the

parties may have been able to reach an agreement without Court intervention had Defendant shared what issues it discovered in its post-October 28 discussions with agency counsel and why those issues necessitated another extension. However, Defendant's decision to not confer with Plaintiff about the instant motion foreclosed that possibility. As such, Defendant failed to abide by the Court's paragraph seven procedures before filing this motion.

III.    **Defendant's Instant Motion is Duplicative of its October 28 Motion.**

Duplicative motions seeking relief already requested in pending motions are disfavored. *See e.g. Scruggs v. Getinge USA, Inc.*, 258 F.R.D. 177, 180 (D.D.C. 2009); *Mwabira-Simera v. Howard Univ.,* No. CV050441RWRAK, 2007 WL 9813015, at *5 (D.D.C. Feb. 21, 2007). Defendant here already filed an opposed motion for extension of time on October 28. Instead of replying to Plaintiff's opposition to that motion, it filed the instant motion. The instant motion provides no more details about why granting that extension of time is warranted. As such, the instant motion is impermissibly duplicative.

<u>**CONCLUSION**</u>

Defendant failed to demonstrate exceptional or compelling circumstances warranting extension of time, ignored the Court's procedural requirements for a motion seeking such an extension, and essentially duplicated its pending motion. As such, Plaintiff respectfully requests that the Court deny Defendant's motion for extension of time.

Dated: November 1, 2024

Respectfully submitted,

<u>/s/ Jeremy Jong</u>
JEREMY JONG*
AL OTRO LADO
3527 Banks St.
New Orleans, LA 70110
Telephone: (504) 475-6728

Facsimile: (323) 430-8793
jeremy@altotrolado.org

SEJAL ZOTA
D.C. Bar #NC020
95 Washington Street, Suite 104-149
Canton, MA 02021
Telephone: (919) 698-5015

*Attorneys for Plaintiff*

*\* Admitted Pro Hac Vice*